## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| HABAŞ SINAI VE TIBBI GAZLAR ISTIHSAL ENDÜSTRISI A.Ş., ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Court No. 21-00527 |
| UNITED STATES, ) ) | |
| Defendant, ) ) | |
| and ) ) | |
| CLEVELAND-CLIFFS INC., STEEL DYNAMICS, INC., AND SSAB ENTERPRISES, LLC, ) ) ) ) | |
| Defendant-Intervenors. ) ) | |

## RESPONSE BRIEF OF DEFENDANT-INTERVENORS IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE AGENCY RECORD

Stephen P. Vaughn
Daniel L. Schneiderman
**KING & SPALDING, LLP**
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4706
(202) 626-2950

*Counsel to Cleveland-Cliffs Inc.*

Roger B. Schagrin
Jeffrey D. Gerrish
**SCHAGRIN ASSOCIATES**
900 Seventh Street, NW, Ste 500
Washington, DC 20001
(202) 223-1700

*Counsel to Steel Dynamics, Inc. and SSAB Enterprises, LLC*

**June 14, 2022**

322063v20

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................i

TABLE OF AUTHORITIES.....................................................ii

STATEMENT PURSUANT TO RULE 56.2.............................................1

ARGUMENT ..........................................................................2

I.   COMMERCE'S USE OF HOME MARKET PRICES
     DENOMINATED IN TURKISH LIRA WAS SUPPORTED BY
     SUBSTANTIAL EVIDENCE AND WAS IN ACCORDANCE
     WITH LAW…………………..…………………………………...………..2

II.  CONCLUSION ...................................................................8

i

## TABLE OF AUTHORITIES

Page(s)

**Statutes**

19 U.S.C. § 1677b-1 .................................................................... 2, 7

**Regulations**

19 C.F.R. § 351.415.................................................................... 3, 7

**Administrative Determinations**

*Certain Hot-Rolled Steel Flat Products From the Republic of
   Turkey: Final Results of Antidumping Duty
   Administrative Review and Final Determination of No
   Shipments; 2016-2017*, 84 Fed. Reg. 30694 (June 27,
   2019) ........................................................................................... 5

*Certain Hot-Rolled Steel Flat Products From the Republic of
   Turkey: Final Results of Antidumping Duty
   Administrative Review and Final Determination of No
   Shipments; 2018–2019*, 86 Fed. Reg. 47058 (Aug. 23,
   2021), and accompanying Issues and Decision
   Memorandum ............................................................... *passim*

## STATEMENT PURSUANT TO RULE 56.2

Defendant-Intervenors Cleveland-Cliffs Inc., Steel Dynamics, Inc.,

and SSAB Enterprises, LLC respond in opposition to the Motion for

Judgment on the Agency Record and the Brief in Support thereof filed

by Plaintiff Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S.

("Habas").  Plaintiff contests certain aspects of the final results issued

by the U.S. Department of Commerce ("Commerce") in *Certain Hot-*

*Rolled Steel Flat Products From the Republic of Turkey: Final Results*

*of Antidumping Duty Administrative Review and Final Determination*

*of No Shipments; 2018–2019*, 86 Fed. Reg. 47058 (Aug. 23, 2021) ("*Final*

*Results*"), P.R. 111, Appx _____, and the accompanying Issues and

Decision Memorandum ("*IDM*"), P.R. 112, Appx _____.

Defendant-Intervenors agree with Defendant United States'

Response to Plaintiff's Motion for Judgment on the Agency Record filed

on May 23, 2022 (ECF No. 38) ("*Def. Br.*").  To minimize repetition,

Defendant-Intervenors incorporate by reference the issues presented for

review, the statement of facts, and the arguments as presented in

Defendant's response brief.[1]  For the reasons set forth in Defendant's

response brief and as further demonstrated below, Plaintiff's arguments

lack merit, and the *Final Results* should be affirmed.

**ARGUMENT**

## I.   COMMERCE'S USE OF HOME MARKET PRICES DENOMINATED IN TURKISH LIRA WAS SUPPORTED BY SUBSTANTIAL EVIDENCE AND WAS IN ACCORDANCE WITH LAW

Plaintiff argues that Commerce erred in using the Turkish Lira

("TL") value of its home market sales rather than the U.S. dollar

("USD") value in calculating Plaintiff's dumping margin in the

underlying administrative review.  According to Plaintiff, home market

sales were negotiated in USD, invoiced in USD, and paid for in USD.

*Pl. Br.* at 5 and 15.  Plaintiff avers that, in other cases such as this one

where "the USD price controlled the ultimate amount the purchaser

paid for the sales," *id.* at 18, Commerce's established practice has been

to use the USD value in the dumping calculations rather than convert

the foreign currency price in accordance with 19 U.S.C. § 1677b-1 and

---

[1]    Defendant-Intervenors also incorporate by reference the factual recitations and arguments presented in Petitioners' rebuttal brief submitted to Commerce in the underlying administrative review.  *See* Petitioners' Rebuttal Brief (April 5, 2021), C.R. 155, P.R. 103, Appx _____.

19 C.F.R. § 351.415.  This case, Plaintiff argues, represents an arbitrary and unexplained departure from that practice.  *Id.* at 9-10.

Plaintiff's argument should be rejected, because it relies upon a mischaracterization of the facts.  In this case, the invoice, *i.e.*, the document establishing the relevant home market price, stated prices in TL.  *IDM* at 8-9, P.R. 112, Appx _____.  *See also* Habas' Section A Response (June 29, 2020) at 13 and Exhibit A-8, C.R. 8, Appx _____.  Although the invoice also reflected an exchange rate and a USD value, Commerce found that it was the TL value – not the USD value – that controlled how much the customer paid.  This was clear from both (1) the aggregate sales values reported by Habas and (2) the documentation provided by Habas for an individual sale.  In the aggregate, the TL-denominated revenues reported in the home market sales file reconciled directly to Habas's audited financial statements, but the USD-denominated revenues could not be so reconciled.  *IDM* at 8-9, P.R. 112, Appx _____.  For the sample sale for which Habas provided documentation, Commerce found that "the USD-denominated price shown on the invoice has no connection with the ultimate payment and thus, the TL-denominated price on the invoice is the final price."

*Id.* at 10-11.  *See also* Petitioners' Rebuttal Brief, C.R. 155 at 4-5, Appx

\_\_\_\_ (demonstrating that the transaction-specific payment amount

reported by Habas had no connection to the USD value shown on the

invoice at Exhibit A-8 of Habas' Response to Section A of Commerce's

Antidumping Duty Questionnaire).[2]

In its brief, Plaintiff cites no evidence contradicting Commerce's

findings, and Plaintiff does not explain why Commerce's findings are

unsupported by substantial evidence.  Plaintiff does not dispute that

reported TL-denominated values (but not reported USD-denominated

values) reconciled to its audited financial system.  Nor does Plaintiff

attempt to demonstrate that, for the sample invoice at Exhibit A-8 of its

Section A Response, the payment amount was controlled by the USD-

value appearing on the invoice.

Instead, Plaintiff simply *assumes* that, contrary to Commerce's

findings, "the USD price controlled the ultimate amount the purchaser

paid for the sales."  *Pl. Br.* at 18.  With that assumption, Plaintiff then

---

[2]     Notably, Habas itself selected the sample transaction for which it elected to provide documentation.  *See* Habas' Section A Response (June 29, 2020) at 15 and Exhibit A-8, C.R. 8, Appx \_\_\_\_\_.  Commerce requested that Habas provide payment documentation for other transactions, but the company failed to provide that documentation.  *IDM* at 10, P.R. 112, Appx \_\_\_\_; Petitioners' Rebuttal Brief, C.R. 155 at 5-6, Appx \_\_\_\_\_.

contends that this case represents a departure from other cases in which Commerce used USD-denominated prices when those prices controlled the amount paid by the home market customer. *Id.* at 14-19, citing *Certain Hot-Rolled Steel Flat Products From the Republic of Turkey: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2016-2017*, 84 Fed. Reg. 30694 (June 27, 2019) ("*2016-2017 HRS Final Results*"). In the 2016-2017 administrative review of Colakoglu, another Turkish hot-rolled steel producer, Commerce found that home market prices were fixed in USD at the time of invoicing and that "this USD price controls the ultimate amount that the purchaser pays for the sale." *2016-2017 HRS Final Results* at Comment 2. But, contrary to Plaintiff's argument, the facts of this case simply are not comparable to the review involving Colakoglu. In this case, Commerce found that it was the TL-denominated amount on Habas's invoice (not the USD-denominated amount) that controlled the customer's payment. *IDM* at 10-11, P.R. 112, Appx _____. Plaintiff cites no precedent where Commerce used USD-denominated home market prices under the circumstances

actually presented in the instant review, and thus there was no unexplained "departure" from established practice.

Even assuming, *arguendo*, that Habas had demonstrated that it was the USD price (rather than the TL price) on the invoice that controlled the amount paid by the customer, the fact remains that Habas was unable to reconcile reported USD-denominated sales values to the company's audited financial statements.  As Commerce explained, "having an accurate sales reconciliation is a prerequisite for calculating an accurate weighted-average dumping margin because it shows whether the respondent accurately and completely reported the universe of its sales of in-scope merchandise." *IDM* at 8, P.R. 112, Appx _____.  Absent such a reconciliation, Commerce's established practice has been to deem the reported sales to be unreliable and unusable. *Id*. Given Habas's inability to reconcile reported USD-denominated values for home market sales to its audited financial statements, Commerce reasonably concluded that those values were unreliable and should not be used in the dumping calculations.  *Id*. at 9.  Plaintiff cites no authority or precedent that would require Commerce to use sales values

that cannot be reconciled to the respondent's audited financial accounting system.  Plaintiff's argument, therefore, must fail.

Finally, Plaintiff contends that using home market prices stated on a TL basis introduces "distortion" because of exchange rate volatility during August 2018.  *Pl. Br.* at 28-29.  This argument amounts to nothing more than special pleading, because the complained-of exchange rate movements happened to be unfavorable to Habas.  No similar argument would have been presented had the movements been in the other direction.  This highlights the importance of applying a consistent, neutral approach, as was done here.  In particular, Commerce's currency conversions were made in accordance with the methodology prescribed by 19 U.S.C. § 1677b-1 and 19 C.F.R. § 351.415.  *See IDM* at 11, P.R. 112, Appx ____.  Plaintiff cites no legal basis for a departure from that methodology or any precedent for doing so.  Commerce's methodology was consistent with the statute and regulation, and it should be upheld.

## II.   CONCLUSION

For the reasons set forth above, Plaintiff's arguments lack merit,

and the Court should affirm the *Final Results*.

Respectfully submitted,

*/s/ Daniel L. Schneiderman*
Stephen P. Vaughn
Daniel L. Schneiderman
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 737-0500

*Counsel to Defendant-Intervenor
Cleveland-Cliffs Inc.*

*/s/ Jeffrey D. Gerrish*
Roger B. Schagrin
Jeffrey D. Gerrish
SCHAGRIN ASSOCIATES
900 Seventh Street, NW, Suite 500
Washington, DC 20001
(202) 223-1700

*Counsel to Steel Dynamics, Inc. and
SSAB Enterprises, LLC*

June 14, 2022

## CERTIFICATE OF COMPLIANCE
## WITH WORD COUNT LIMITATIONS

Pursuant to paragraph 2(B)(2) of the U.S. Court of International Trade's *Standard Chambers Procedures*, the undersigned certifies that this brief complies with the word count limitations set forth in the Court's scheduling order.  Exclusive of the exempted portions, as provided in paragraph 2(B)(1), this brief includes <u>1,211</u> words.  In preparing this certificate, the undersigned has relied upon the word count feature of the word-processing system used to prepare the submission.

*/s/ Daniel L. Schneiderman*
Daniel L. Schneiderman

KING & SPALDING LLP
1700 Pennsylvania Avenue, NW,
Washington, DC 20006
(202) 737-0500

*Counsel to Defendant-Intervenor Cleveland-Cliffs Inc.*

June 14, 2022

1